IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **ROBYN BUTTS,** § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| vs. § | C.A. NO. 9:21-cv-00092 | |
| § | | |
| § | **JURY TRIAL REQUESTED** | |
| **PEARMAN MOTOR COMPANY, LTD.** § | | |
| § | | |
| **Defendant** § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW Plaintiff, Robyn Butts, who files this Original Complaint complaining of Pearman Motor Company, LTD. as follows:

### I.
### PRELIMINARY STATEMENT

1. This lawsuit arises from the sexual harassment of Robyn Butts and the subsequent retaliation against her for reporting the sexual harassment to her employer. Equal to the clear, persistent, and outrageous behavior of Butts' co-worker, was the willful, inexcusable neglect and deliberate indifference of the plaintiff's employer, Pearman Motor Company, to the harassment endured by Plaintiff.  Upon information and belief, Butts' co-workers' activities victimized other female employees of Pearman Motor Company.

2. It is the legal responsibility of Pearman Motor Company to promulgate and implement policies and procedures providing, in part, that its employees are not subjected to sexual harassment. Further, it is Defendant Pearman Motor Company's duty to promulgate and implement policies and procedures that do not promote known acts of sexual harassment and retaliation for opposition to that conduct by its employees. It is also Defendant Pearman Motor Company's legal obligation to take whatever action is necessary  to investigate reports of sexual harassment by employees

to stop that sexual harassment once known, and to ensure that once sexual harassment is reported no retaliation or reprisal is permitted against the employee who reports or otherwise opposes such protected conduct. Finally, it is their responsibility to ensure that employees who have been the subject of sexual harassment are not retaliated against.

3.     Plaintiff has been compelled to bring this action against Pearman Motor Company because it failed to ensure that the sexual harassment of its employees was prevented once any reasonable doubt of the extent of Plaintiff's co-worker's conduct was removed. Plaintiff also sues for the sexual harassment she endured and Pearman Motor Company's continued failure to prevent the harassment once it had been revealed.

4.     Pearman Motor Company is also liable for its negligence which lead to Plaintiff's sexual harassment at the hands of her co-worker because it was on notice of his prior history of sexually harassing other female employees of Pearman Motor Company. Pearman Motor Company did not take reasonable care to protect Plaintiff and other female employees from the actions of her co-worker.

5.     Plaintiff seeks back-pay, compensatory damages, punitive damages against Pearman Motor Company and court costs, and attorney's fees.

## II.
## JURISDICTION AND VENUE

6.     Jurisdiction over plaintiffs' sexual harassment/sex discrimination and retaliation claims against Pearman Motor Company is conferred on this Court by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq.*).

7.     Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331 as this action arises under the Constitution and laws of the United States.

8.     Venue is appropriate in this Court as all facts giving rise to Plaintiff's claims occurred within the Eastern District of Texas.

## III.
## ADMINISTRATIVE PREREQUISITES MET

9. Plaintiff filed Charge # 450-2021-00412 with the EEOC alleging a continuing action of sexual harassment with the EEOC. Upon request of Plaintiff, her notice of "Right-to Sue" was issued for Plaintiff (attached as Exhibit "A") and plaintiff, thereafter, was able to file a lawsuit on her Title VII claims. This case is filed within 90 days of Plaintiff's receipt of her notice of right to sue from the EEOC.

10. All potential administrative remedies have been exhausted and prerequisites to litigation have been met.

## IV.
## PARTIES

11. Plaintiff Butts is an adult female individual and a citizen of Texas and the United States who currently resides in Nacogdoches, Texas. At all times relevant to this action, she was an employee of Pearman Motor Company.

12. Defendant Pearman Motor Company, LTD. is a Texas entity located within the boundaries of the Eastern District of Texas and was Plaintiff's employer in Alto, Texas at the time the alleged acts of sexual harassment and retaliation occurred.

13. Pearman Motor Company, LTD. may be served with the Petition and Citation by serving its registered agent for service, Robert J. Pearman, 240 N. Marcus, Alto, Texas 75925.

## V.
## STATEMENT OF FACTS

14. Plaintiff, Robyn Butts was employed as a service advisor for Pearman Motor Company in Alto, Tx, 75925 from May 15, 2019 until she was terminated on July 21, 2020 by the owner JD Pearman. Plaintiff's immediate supervisor was William Higgins.

15. Higgins stated while at work that Plaintiff had gotten her job due to her brains and her

'titties'.

16. Higgins ran his hand up Plaintiff's thigh area while at work, tried to kiss her while in the office, slapped her buttock area several times, and talked about her female body parts daily while she was employed there. Higgins exposed his genitals to Plaintiff while working in the same office.

17. Higgins followed Plaintiff outside of work, had other people follow her, and has caused disturbances for Plaintiff while in town, at church, and with her friends/family.

18. Plaintiff was threatened with rape, murder, and physical assault by Higgins. Higgins texted Plaintiff threatening that his wife was on his way to her location to cause a scene.

19. Higgins created new phone numbers when Plaintiff blocked his numbers. When Plaintiff advised Higgins not to call her, he bought a burner phone and delivered it to Plaintiff. He said 'problem solved. Now I won't be calling on your phone anymore'.

20. Higgins repeatedly called and texted Plaintiff. One night, he called over 200 times and between texts and Facebook messages, it was over 300.

21. While at work, a blind eye was turned to what was going on. Plaintiff complained to Linda Bradshaw in the HR department of Pearman Motor Company on two occasions. The first time she complained, Bradshaw laughed at Plaintiff's complaint. The second time Plaintiff complained, Bradshaw told her to 'let it go' because it did not happen at work.

22. On Monday evening, July 20, 2020, Higgins was very upset because of the fact that Plaintiff rejected his advances. He decided to quit his job. Higgins went to JD Pearman and told him that he was 'no good for the company in his current state.' Higgins told JD Pearman that Plaintiff "I broke his soul, and he could no longer stand to look at me, much less work in the same room as me."

23. The next day, Plaintiff went to work and saw that Higgins' desk had been cleared out, and he had left all of his uniform shirts in the office. Plaintiff asked JD Pearman what had

happened, and he stated "that I had hurt a lot of people with the stunts that I had been pulling and that I should be ashamed of myself."

24. Later that morning, JD called Plaintiff into his office and fired her stating: "that my [her] personal business was affecting the lives of everyone at the dealership and putting our techs at risk, as well as hurting the reputation of the company." After Plaintiff was terminated, JD Pearman hired back Higgins.

## VI.
## CAUSES OF ACTION AGAINST PEARMAN MOTOR COMPANY

25. Plaintiff brings the following causes of action against Pearman Motor Company, for each of which, they have incurred compensable damage.

### *SEXUAL HARASSMENT*

26. The sexual harassment complained of took on both recognized forms: hostile environment and *quid pro quo*.

27. Plaintiff belongs to a protected group – female.

28. Defendant Pearman Motor Company did engage in unlawful employment practices, prohibited by 42 U.S.C. §2000e-2 when Plaintiff's job was terminated for complaining of sexual harassment on the part of her supervisor.

29. Ultimately, Plaintiff suffered an adverse employment action when Pearman Motor Company terminated her employment.

COUNT I:   TITLE VII SEXUAL HARASSMENT

30. Plaintiffs reallege and incorporate by reference all allegations set forth in the above paragraphs.

31. Defendant, Pearman Motor Company, by and through her supervisor, Higgins, sexually harassed Plaintiff, as described above, in violation of her rights under Title VII.

32. Defendant, Pearman Motor Company, through its agents with remedial authority knew of the harassment, yet failed to take prompt, appropriate, remedial action.

33. Acquiescence by the HR Director and management of Pearman Motor Company, as well as other officials of Pearman Motor Company, to this clear and persistent pattern of sexual harassment established a custom and practice of Pearman Motor Company to allow sexual harassment of their employees by Higgins.

**COUNT II:   TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.§2000E *ETSEQ.*, PROTECTING EMPLOYEES FROM SEXUAL HARASSMENT.**

34. Plaintiff reallege and incorporate by reference all allegations set forth in the above paragraphs.

35. Plaintiff was subject to unwelcome sexual harassment in the workplace from Higgins, unreasonably interfering with Plaintiff's work performance.

36. Officials of Pearman Motor Company with authority to correct the conduct had actual knowledge of Higgins' sexual harassment behavior for years prior to the report of Plaintiff and/or should have known, and then failed to take immediate and appropriate corrective action as required by law.

37. The harassment to which Plaintiff was subjected after she reported the sexual harassment to Bradshaw was unwelcome, abusive and humiliating.

38. Plaintiff would also show that Pearman Motor Company was negligent in the creation and/or continuation of a hostile work environment.

39. Defendant, Pearman Motor Company, by allowing Higgins to sexually harass Plaintiff, intentionally engaged in unlawful employment practices involving Plaintiff.

40. The harassment of which Plaintiff complains was severe and pervasive and thereby affected a term, condition or privilege of their employment and created an abusive work environment.

41. Defendant, Pearman Motor Company, by failing to exercise reasonable care to

prevent and cure allegations of sexual harassment, allowed Higgins to sexually harass Plaintiffs, as described above, in violation of 42 U.S.C. 2000e, *et seq*.

42. The sexual harassment began in 2019 for Plaintiff and was ongoing, persistent and continuous, constituting continuing violations of her rights under law.

43. As a direct and proximate result of PEARMAN MOTOR COMPANY's conduct in violation of 42 U.S.C. §2000e, *et seq*., Plaintiff Butts' suffered substantial emotional and financial damages, past and future, for which she pleads to be compensated.

### *RETALIATION CLAIMS*

44. Plaintiff was retaliated against by her employer, Pearman Motor Company, for reporting and opposing the sexual harassment, Linda Bradshaw, Pearman Motor Company's HR director.

**COUNT III:   RETALIATION FOR ENGAGING IN PROTECTED CONDUCT UNDER TITLE VII.**

45. Plaintiff realleges and incorporates by reference all allegations set forth in the above paragraphs.

46. Plaintiff reported to PEARMAN MOTOR COMPANY, by and through its HR Director, Linda Bradshaw, all of the facts and circumstances surrounding Plaintiff's sexual harassment by Higgins.

47. Plaintiff's complaints of sexual harassment, as described above, motivated her terminations from employment with Pearman Motor Company.

48. The reasons stated by Pearman Motor Company as grounds for termination were false and therefore mere pretexts to effectuate the retaliation.

49. Defendant, Pearman Motor Company, intentionally engaged in unlawful employment practices involving Plaintiff because Plaintiff engaged in a federally protected activity in violation of their rights under 42 U.S.C. Section 2000e -3(a) *et. seq.* Title VII.

50. Plaintiff suffered substantial emotional and financial damages, past and future, proximately caused by Pearman Motor Company's retaliation for which Plaintiff now seeks compensation.

## VIII.
## ACTUAL DAMAGES

51. As a direct and proximate result of the conduct of Defendant, Plaintiff has suffered damages.

52. Plaintiff has suffered disgrace, shame, embarrassment and humiliation as well as extreme emotional and mental anguish in the past and in all probability, Plaintiff will continue to suffer such disgrace, shame, embarrassment, humiliation, personal indignity and extreme emotional and mental anguish in the future.

53. In addition, Plaintiff has suffered damage to her reputation both in the past and in the future. Injury to the reputation of the Plaintiff has been substantial and, in all probability, her reputation has been permanently impaired and damaged.

54. Additionally, Plaintiff has suffered loss of earnings capacity in the past and in reasonable probability, her capacity to work and earn money in the future beyond this date have been seriously impaired. Her ability to obtain and retain employment in the past and future have been impaired. Plaintiff is entitled to back pay and front pay. Reinstatement is not feasible.

55. Plaintiff has been deprived of employment benefits. Employment benefits include all employment benefits which they had or would have had at Defendant Pearman Motor Company's employ, including but not limited to past and future wages, retirement benefits, health care benefits, social security benefits, and unemployment benefits.

56. Plaintiff has suffered additional consequential damages.

57. The precise amount of damages suffered by the Plaintiff cannot be measured with mathematical accuracy at this time nor can the Plaintiff state with any degree of certainty at this time

the full extent and impact of future losses. Damages can be more accurately determined after completion of discovery in this case and Plaintiff specifically reserves the right to plead further with respect to such damages.

## IX.
## PUNITIVE DAMAGES

58.     Pearman Motor Company is liable for punitive damages on account of its completely willful and reckless disregard of Plaintiff's rights under Title VII rendering the award of punitive damages appropriate.

## X.
## JURY TRIAL

59.     In the Exercise of rights under the Seventh Amendment to the United States Constitution and applicable statutes and procedural rules, Plaintiff respectfully requests that all issues of fact in her claims for relief be decided by a jury.

## XI.
## PRE-TRIAL INTEREST

60.     Plaintiffs also seeks pre-judgment interest at the maximum legal rate.

## XII.
## ATTORNEYS' FEES

61.     Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to 42 U.S.C. §2000e and 42 U.S.C. §1988 for the preparation and trial in this case and various stages of appeal, if any, including additional attorneys' fees in the event it is necessary to collect this amount of money once a judgment becomes final.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Robyn Butts respectfully prays that Defendant Pearman Motor Company be cited to appear and answer herein, and that upon a final trial by jury, judgment be entered for the Plaintiff against the Defendant for damages in an amount

to be determined by a jury, and such other and further relief to which the Plaintiff may be entitled at law or in equity, including:

1. actual damages;
2. punitive damages;
3. pre-judgment interest;
4. post-judgment interest;
5. attorneys' fees; and
6. costs.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

**ATTORNEY FOR PLAINTIFF**