IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ROBYN BUTTS, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 9:21-CV-00092 |
| v. | § § | JUDGE MICHAEL J. TRUNCALE |
| PEARMAN MOTOR COMPANY, LTD., | § § § | |
| *Defendant*. | § | |

## ORDER DISMISSING CASE WITH PREJUDICE

The matter before the Court is the Defendant, PEARMAN MOTOR COMPANY, LTD.'s *Motion to Dismiss*. [Dkt. 22]. Pearman seeks a dismissal with prejudice pursuant to Rule 41(b) because of the Plaintiff, ROBYN BUTTS's "fail[ure] to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b).

## FRAMEWORK

In the Eastern District, a party's failure to oppose a motion creates a presumption that it does "not controvert the facts set out by the movant" and has "no evidence to offer in opposition to the motion." E.D. TEX. LOCAL RULE CV-7(e). Here, Pearman moved to dismiss on May, 26, 2022. [Dkt. 22]. Twenty days have passed without a response. Thus, as to Pearman's *Motion to Dismiss* [Dkt. 22], it is presumed that Butts "does not controvert" any of these facts, and has "no evidence" to offer in opposition. Moreover, a party's failure to respond to arguments raised in a motion to dismiss also constitutes waiver or abandonment of those issues at the district court level. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (affirming that a plaintiff's failure to "defend" her claims against arguments raised in "the defendant's motion to dismiss . . . constituted abandonment" of those claims).[1]

---

[1] *Burbridge v. Citimortgage, Inc.*, No. 4:19-CV-00647-ALM-CAN, 2020 WL 7658064, at *10 (E.D. Tex. 2020) (Nowak, M.J.) ("a failure to respond or provide argument on a claim in a response . . . evince[s] an abandonment and/or waiver of such specific claims"); *Frase v. McCormick*, No. 5:19-CV-139, 2020 WL 5665097, at *1 (E.D. Tex. 2020) (Craven, M.J.)

## BACKGROUND

Beginning on November 8, 2021, Butts's former counsel started having difficulty contacting her. Other than a brief conversation on January 26, 2022, and a single text message received on February 8, 2022, there has been no contact at all. The catalyst for this sudden silence was Butts's realization "that she would actually have to respond to discovery and address her own, apparently welcome involvement with the individual she claims harassed her." [Dkt. 22 at 4]. She also provided "obviously untrue responses" to" interrogatories and requests for admission, "[d]espite evidence to the contrary in the form of actual videos and text messages" from Butts to her alleged harasser. *Id.* at 2. Finally, Defense and Plaintiff's Counsel were stood up at Butts's scheduled deposition on March 9, 2022. *Id.* at 3. On April 1, 2022, her former counsel was permitted to withdraw.

Numerous attempts have been made to contact Butts. Her prior counsel tried to reach out to her via text message, phone call, and email on February 17, February 23, February 28, March 1, March 14, March 15, and March 17—each time without a response. On March 28, she was sent a copy of the scheduling order for this case by email, regular mail, certified mail, and text message. Subsequent delivery of the order granting her former counsel's motion to withdraw was attempted on April 11, April 18, and April 26. Numerous phone calls have been made to her personal telephone number. The number appears to be active. The phone has rung each time, but the person on the other end has hung up. Attempts to leave voicemails have been stymied because she has always hung up rather than allowing the call to

---

("Plaintiff did not file a response to the motion to dismiss and has thus abandoned his claims"); *Arkansas v. Wilmington Trust N.A.*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *5 (N.D. Tex. 2020) (Lindsay, J.) ("Failure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level"); *Setliff v. Zoccam Techs, Inc.*, No. 3:21-CV-2025-B, 2022 WL 504395, at *10 (N.D. Tex. Feb. 18, 2022) (Boyle, J.) (finding the plaintiff "waived or abandoned [a] claim by not continuing to defend [it] beyond the Amended Complaint"); *Thymes v. Gillman Cos.*, No. H-17-2834, 2018 WL 3025045, at *2 (S.D. Tex. 2018) (Lake, J.) (finding that a plaintiff's failure to respond to a defendant's motion to dismiss permitted the court to "dismiss the claims as abandoned"); *Seghers v. Hilti, Inc.*, No. 4:16-CV-0244, 2016 WL 6778539, at *5 n.10 (S.D. Tex. 2016) (Atlas, J.) (finding a plaintiff's "[f]ailure to respond to a motion" required the court to deem the plaintiff "to have abandoned [those] claims"); *Solar v. Panasonic Corp.*, No. 1:20-CV-378-LY, 2020 WL 6385292, at *4 (W.D. Tex. 2020) (Hightower, M.J.) (finding a party's failure to address an argument in more than a "conclusory fashion" required a finding that the party had "abandoned its claim"); *Stratta v. Roe*, No. 6:18-CV-00114-ADA, 2021 WL 1199634, at *6 (W.D. Tex. Mar. 30, 2021) (Albright, J.) ("A party's failure to respond to arguments raised in a Rule 12 motion constitutes waiver or abandonment of those issues").

go to voicemail. On April 1, 2022, Butts was ordered to contact the Court within 15 days to confirm that she had secured new counsel. More than two months have passed without a response. Since Butts is aware her former counsel has resigned, her failure to secure new counsel strongly indicates a lack of interest in prosecuting this case. On June 10, 2022, a final email was sent to Butts's two personal email addresses, indicating that this case would be dismissed if she did not respond. She did not respond.

## **LAW & ANALYSIS**

Although Rule 41 is typically invoked for the purpose of blessing a voluntary or joint dismissal after a successful settlement, it also provides a lesser-invoked mechanism for *involuntary* dismissal:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). While the dismissal of a claim is a harsh sanction, it is appropriate if a "clear record or contumacious conduct by the plaintiff" exists and "lesser sanctions would not serve the best interests of justice." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). The Fifth Circuit has affirmed 41(b) dismissals when at least one of three aggravating factors is present: "(1) delay attributable to the plaintiff, not to his attorney, (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct." *Bryson v. United States*, 553 F.3d 402, 403–04 (5th Cir. 2008); *Price*, 792 F.2d at 474.

All three *Bryson* factors are present here. First, "[t]here is little doubt that [Butts's] prior counsel was doing the best he could despite his former client's refusal to communicate with him." [Dkt. 22 at 4]. Thus, the delay is attributable to the plaintiff, not to her attorney. Second, Pearman (a) "had to wait an extra month to receive responses to its written discovery," (b) "was deprived of truthful answers" to its requests for admissions "because of [Butts's] decision to abandon her case," (c) was deprived of an opportunity to build a meaningful defense due to Butts's "lack of substantive answers to interrogatories," and (d) lost time and resources "preparing the case" when Butts "failed to appear for her deposition." *Id.* Accordingly, there has been actual prejudice to the defendant. Third, the Court finds that based on the

extensive record of delinquency before it, that the cause of this delay has been Butts's *intentional* misconduct. Therefore, involuntary dismissal under Rule 41(b) is the only appropriate sanction.

## CONCLUSION

It is therefore **ORDERED** that this case is **DISMISSED WITH PREJUDICE**, and the Parties shall bear their own attorneys' fees and costs.

It is further **ORDERED** that all Court dates and pending deadlines are hereby **VACATED**, and that all pending motions filed herein are **DENIED AS MOOT**.

**SIGNED this 15th day of June, 2022.**

Michael J. Truncale
United States District Judge